1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

11

PAMELA DENISE CRAYTON,

Case No. CV 15-03550 AFM

12

Plaintiff,

**MEMORANDUM OPINION AND**

13

v.

**ORDER DENYING REQUEST FOR REMAND AND AFFIRMING**

14

**DECISION OF COMMISSIONER**

CAROLYN W. COLVIN, Acting

15

Commissioner of Social Security,

16

Defendant.

17

18      The Joint Stipulation ("Jt. Stip.")[1] presents two disputed issues, both of which

19  relate to evidence not included in the administrative record.

20      Issue 1:  Whether the matter should be remanded for further administrative

21  proceedings based on evidence (Exs. C, D, and E) submitted for the first time to the

22  Appeals Council ─ and not submitted to the Administrative Law Judge ("ALJ").

23      Issue 2:  Whether the matter should be remanded for further administrative

24  proceedings based on evidence (Exs. F, G and H) submitted for the first time on

25  this appeal ─ and not submitted to the ALJ or the Appeals Council.

26

27  ───────────

[1]   The parties also filed an Amended Joint Stipulation with the Exhibits (ECF No.

28  41.)

As discussed below, the Court concludes that the evidence cited by Plaintiff in the Joint Stipulation does not justify remand for further proceedings and therefore affirms the decision of the Commissioner.

## A.    BACKGROUND

Plaintiff Pamela Crayton applied for Supplemental Security Income benefits and Social Security Disability benefits on June 19, 2012.  (AR 20.)  A hearing took place before the ALJ on June 26, 2013.  Plaintiff testified at the hearing and was represented by an attorney.  (AR 31-45.)  The lack of medical records was discussed by the ALJ with Plaintiff's attorney on the record during the hearing.  (AR 41-44.)  Plaintiff's attorney agreed that there was insufficient medical information in the record, and he took "full responsibility for the insufficiency of records." (AR 41.)  Plaintiff's attorney also committed to obtain subpoenas that he would use to obtain the necessary records.  (AR 43.)  The ALJ agreed to keep the record open for 15 days beyond the hearing to receive additional records and offered to extend that time further if necessary.  (AR 44.)

The ALJ rendered a decision denying benefits on July 31, 2013.  (AR 17.)  In the decision, the ALJ made the following statement regarding the lack of evidence of a medically determinable impairment:

> Despite repeated requests for medical records from [Plaintiff's] alleged treating sources, coupled with holding the record open after the hearing for submission of alleged outstanding evidence, [Plaintiff] failed to provide any evidence to support the existence of any medically determinable impairment.  In fact, the only treating evidence during the relevant period is dated January 2012 and shows that [Plaintiff] presented for blood pressure medication refill and routine blood work-up (Exhibit 1F).  Physical examination revealed normal findings.  (AR 23.)

In the Joint Stipulation, Plaintiff agreed that the "ALJ fairly summarized the medical evidence." (Jt. Stip. 2.)

A Request for Review was filed with the Appeals Council on September 30, 2013 by a new attorney for Plaintiff.  (AR 15-16.)  Following this filing — but before a ruling from the Appeals Council — Plaintiff's new attorney submitted two letters from counsel (Exs. A and B to Amended Jt. Stip.), plus a letter from Dr. Naeemah Ghafur, dated February 14, 2014, (Ex. C to Amended Jt. Stip.), and a Medical Report Memorandum from Dr. Ghafur, dated May 8, 2014 (Ex. D to Amended Jt. Stip.).  The documents prepared by Dr. Ghafur address Plaintiff's heart condition, breathing difficulties, fatigue and weakness.  Plaintiff also seems to contend that a single page Psychological and Medication History from SRO was submitted to the Appeals Council, dated January 9, 2015 ) (Ex. E to Amended Jt. Stip.), but her supporting documentation does not reflect such a submission between January 9, 2015 and the Appeals Council denial of review on March 20, 2015.

The Notice of Appeals Council Action (AR 1-4) did not make the documents from Dr. Ghafur part of the administrative record, although it does reference having received letters from Plaintiff and her representative and having reviewed a "medical report and assessment" from Dr. Ghafur in the date range January 7, 2014 through March 17, 2014 (AR 2).  These dates are found on the front of Ex. D and presumably reference, at least, the Medical Report Memorandum of Dr. Ghafur. The Appeals Council stated that the information from Dr. Ghafur "is new information about a later time.  Therefore, it does not affect the decision whether you were disabled beginning on or before July 31, 2013."  (AR 2.)

In the Joint Stipulation, Plaintiff refers to other evidence that was not presented to the ALJ or the Appeals Council:  Exhibit F, a referral form for treatment of Plaintiff for pancreatic cancer dated in May 2015; Exhibit G, a collection of records from Harbor-UCLA Medical Center reflecting emergency

room visits between April 2011 and October 2012; Exhibit H, medical records from California Hospital Medical Center from May 2015; and Exhibit I, medical records from Southern California Hospital of Culver City from 2015.

## B.    ANALYSIS

Pursuant to Sentence Six of 42 U.S.C. § 405(g), the Court has jurisdiction to remand the case to the Commissioner for the consideration of new evidence, but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  *See also Allen v. Secretary of Health & Human Services*, 726 F.2d 1470, 1473 (9th Cir. 1984).  To be material, the new evidence must bear directly and substantially on the matter in issue, and there must be a real possibility that the new evidence would have changed the outcome if it had been before the Commissioner. *See Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986); *Booz v. Secretary of Health & Human Services*, 734 F.2d 1378, 1380-81 (9th Cir. 1984). The good cause requirement is satisfied if new information surfaces after the Commissioner's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).  It is not sufficient, however, for a claimant to simply obtain an opinion from an expert after an adverse result before an ALJ:  "The obvious explanation is that when [claimant] failed to succeed on his disability claim . . . he sought out a new expert witness who might better support his position.  The 'good cause' requirement would 'be meaningless if such circumstances were sufficient to allow introduction of new evidence.'" *Id.; see also Mayes v. Massanari*, 276 F.3d 453, 463 (9th Cir. 2001) ("A claimant does not meet the good cause requirement by merely obtaining a more favorable report once his or her claim has been denied."); *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990) (same).

First, the Court finds that Plaintiff has not established good cause for failing to submit Exhibits C, D and E (the documents from Dr. Ghafur and SRO) to the ALJ. Plaintiff's attempt to use the opinions of Dr. Ghafur as a basis for a Sentence Six remand runs afoul of the Ninth Circuit law in *Key*, *Mayes* and *Clem*. It is not good cause for Plaintiff to seek out a medical expert opinion after the ALJ has ruled, simply to get more favorable evidence than was before the ALJ. *Key*, 754 F.2d at 1551. Moreover, as the Commissioner points out, Dr. Ghafur's opinions were based on medical study results from April and October 2012, well in advance of the hearing before the ALJ and the ALJ's decision in the summer of 2013. Plaintiff agrees: "All of this information from Dr. Ghafur was based on treatment and objective findings going back prior to the hearing decision of July 2013." (Jt. Stip. at 17.) Nothing in the record or the Joint Stipulation indicates why Plaintiff's attorney did not use these 2012 study results to obtain and submit a medical opinion prior to the ALJ's decision in 2013. *See Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 511-12 (9th Cir. 1987) (no good cause where attorney did not explain his failure to obtain medical records, despite knowing of claimant's memory loss).

The explanation offered for why the Ghafur opinions were not obtained and submitted earlier is that Plaintiff had cognitive and physical impairments and was homelessness without financial resources. (Jt Stip at 18.) According to Plaintiff's argument, these conditions prevented her from understanding the need to collect records and gather additional evidence, as well as causing her to lack the ability to do so. Essentially, Plaintiff argues that her disabilities and finances constituted good cause for the failure to obtain and present the opinions of Dr. Ghafur on a timely basis. The Court does not find this to be adequate as a ground for good cause under the facts of this case. Plaintiff was represented by counsel before and during the ALJ's consideration of this matter. During the hearing, Plaintiff's then-counsel had a direct interchange with the ALJ on the need for additional medical

1    evidence in the record, as well as counsel's responsibility for obtaining that

2    evidence (which counsel accepted). In these circumstances, Plaintiff's alleged

3    limitations do not establish good cause for the late submission of evidence that

4    counsel could have obtained.  Plaintiff's argument ─ if accepted in the context of

5    represented claimants ─ would largely eliminate the good cause requirement and

6    would be inconsistent with the concept of good cause expressed in cases such as

7    *Key*, *Mayes*, *Clem* and *Sanchez. See also Walton v. Astrue*, 773 F. Supp. 2d 742,

8    753 (N.D. Ohio 2011) (finding unpersuasive plaintiff's alleged lack of finances or

9    health coverage as a basis for good cause because "the record does not reflect the

10    factors that would distinguish him from the majority of near destitute claimants

11    who timely submit medical evidence").[2]

12        Although good cause is generally not a difficult standard to meet (*see, e.g.,*

13    *Burton v. Heckler*, 724 F.2d 1415, 1417-18 (9th Cir. 1984)), the Court finds that

14    Plaintiff has failed to meet that standard here because there is no indication why

15    prior counsel did not obtain and submit Dr. Ghafur's evaluations in a timely

16    manner, and because counsel could have raised this issue before the ALJ with due

17    diligence.   The fact that Dr. Ghafur's report may be favorable to Plaintiff's

18    disability claim is insufficient to overcome these circumstances.

19

20    _____

21    [2]    Regarding materiality, the Court finds that Exhibit C is not material because

22    there is not a reasonable possibility it would change the outcome of the
      administrative proceeding.   Exhibit C includes a conclusory statement by

23    Dr. Ghafur, without reference to objective medical findings.  Moreover, Exhibit C
      is dated February 14, 2014 and refers to the "next 12 months." It thus does not

24    concern the relevant time period. Likewise, nothing in Exhibit E indicates a

25    reasonable possibility that it would change the result before the ALJ, and Plaintiff
      has not presented argument or evidence establishing the materiality of this exhibit.

26    Because good cause has not been shown regarding Exhibit D, the Court has not

27    reached a conclusion regarding its materiality, but notes the Commissioner's
      argument and evidence that this exhibit would not change the administrative result.

28    (Jt. Stip. at 11-13.)

Second, Plaintiff has not shown good cause for the failure to timely submit Exhibit G, a collection of records from Harbor-UCLA Medical Center reflecting emergency room visits between April 2011 and October 2012. Plaintiff and her attorney were afforded the opportunity to supplement the record after the administrative hearing, and the ALJ indicated a willingness to provide more time if necessary. At the conclusion of the hearing, Plaintiff's counsel informed the ALJ that he wished to subpoena additional medical records, and the ALJ agreed to leave the record open for 15 more days. These circumstances do not suggest good cause for not submitting records from 2011 and 2012 until these proceedings in 2016. *See Hollon ex rel. Hollon v. Commissioner of Social Sec.*, 447 F.3d 477, 485 (6th Cir. 2006) (finding failure to establish good cause where plaintiff "was represented by counsel by the time the matter reached the Appeals Council ─ and, indeed, her attorney was successful in supplementing the administrative record at that point"); *Matthews v. Apfel*, 239 F.3d 589, 595 (3d Cir. 2001) ("[t]he ALJ even kept the administrative record open in order to allow [plaintiff] to submit additional evidence" yet "[plaintiff] did not submit [the medical] report until more than seven months after the ALJ's adverse decision"); *Lisa v. Secretary of Dept. of Health and Human Services of U.S.*, 940 F.2d 40, 46 (2d Cir. 1991) ("the ALJ stressed at the hearing the need for [plaintiff] to submit medical reports regarding her functional capacity as of the time when she enjoyed insured status, and received in evidence reports proffered by [plaintiff] subsequent to the hearing."). And as discussed above, the Court finds insufficient the argument that Plaintiff's mental, physical and financial impairments prevented her from submitting these records to the ALJ ─ where Plaintiff was represented by counsel during the administrative process and where counsel acknowledged the lack of medical records and the need for him to gather and submit additional records to the ALJ. (AR 41-44.) Plaintiff has offered no explanation of what prior counsel did or why he was unable to obtain the records that Plaintiff now belatedly seeks to submit. *See Sanchez*, 812 F.2d at 511-12.

Third, the Court finds that Exhibits F, H and I are not material evidence because they relate to diagnoses and observations made long after the ALJ's decision in July 2013 — and thus do not create a reasonable possibility that the outcome of the administrative proceeding would change in light of these records. *See Mayes*, 276 F.3d at 462.   Exhibits F and H are from 2015 and apparently relate to a later diagnosis of metastatic pancreatic cancer that was not claimed to be a disability of Plaintiff in 2013 when she appeared before the ALJ.   Exhibit I similarly relates to Plaintiff's physical condition in mid to late 2015, well outside the period at issue.  It does not purport to discuss Plaintiff's condition prior to July 2013.

\*       \*       \*       \*       \*

IT THEREFORE IS ORDERED that Plaintiff's request for remand under Sentence Six of 42 U.S.C. § 405(g) is DENIED, and that Judgment be entered affirming the decision of the Commissioner and dismissing this action with prejudice.

DATED:  September 22, 2016

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE